```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JUAN TAVERA,                            :
                                        :
                        Plaintiff,      :
                                        :         07 Civ. 3660 (DLC)
            -v-                         :
                                        :         OPINION & ORDER
MICHAEL J. ASTRUE, Commissioner of      :
Social Security,                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

Appearances:

Pro se Plaintiff:
Juan Tavera
507 West 184th Street, Apt. 21
New York, New York 10033

For Defendant:
John E. Gura, Jr.
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Juan Tavera, proceeding pro se, brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a denial of disability benefits. By motion dated March 25, 2008, defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner") moved to remand the action to the Social Security Administration ("SSA") pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Tavera has not opposed the Commissioner's motion. For the following reasons, the Commissioner's motion is granted.

BACKGROUND

The following facts are drawn from the record. Tavera filed an application for Supplemental Security Income ("SSI") on April 29, 1999, claiming primarily that he was unable to work due to lower back pain and heart problems. His claim was denied by an Administrative Law Judge ("ALJ") by decision dated July 27, 2000, and his request for review was denied by the Appeals Council on February 7, 2003. Tavera then commenced a civil action in the United States District Court for the Southern District of New York. See Tavera v. Barnhart, No. 03 Civ. 3012 (DLC). By stipulation and order dated April 26, 2004, the action was remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). Judgment was entered and the case was closed.

On remand from this Court, the Appeals Council vacated the ALJ's July 27, 2000 decision and remanded the action for further proceedings. A second administrative hearing was held on February 3, 2003, and by decision dated May 26, 2005, the ALJ found that Tavera was disabled from August 4, 2002 through February 28, 2005. On June 29, 2005, Tavera met with a representative of the SSA at the Administration's West Farms district office in the Bronx. During that session, to which he

2

was required to bring various documents reflecting his income and assets, he revealed that he and his wife owned a home in the Dominican Republic, valued at 125,000 pesos, or approximately $4,386. Tavera thereafter changed his story somewhat, telling the SSA representative that the house was only in his wife's name, and that he could not sell it because his wife lives there with the couple's children. Tavera was advised to produce documents attesting to the ownership of the Dominican Republic house.

It appears that Tavera never produced the documents concerning the Dominican Republic house. The SSA found that he had resources exceeding the limits set forth in the Social Security Act, namely the house in the Dominican Republic, worth in excess of $2000. As a result, by letter dated August 2, 2005, the SSA denied Tavera's claim for SSI benefits during the period specified in the ALJ's May 26, 2005 decision. Tavera sought reconsideration, which was denied by the SSA in a letter dated August 8, 2005. He then requested a hearing before an ALJ, contending that the house in the Dominican Republic belonged not to him, but to his mother. He claimed that "the person who interviewed me misunderstood my statements."

Tavera's request was granted, and a hearing was held before an ALJ on July 12, 2006. At the hearing, Tavera testified that the house in the Dominican Republic belonged to his mother. The

3

ALJ informed Tavera that he would be required to produce some documentation reflecting his mother's ownership of the house. Tavera replied that to do so would be "difficult" because his mother "doesn't have any documents." The ALJ told Tavera that he was to produce the required documentation by August 30; if he did not do so, the ALJ informed him, she would "have to affirm the decision of the agency that you have excess resources because . . . you had told them it was your place and now we have no proof." It does not appear that Tavera ever produced any documents.

By decision dated September 19, 2006, the ALJ ruled that Tavera's ownership of the house in the Dominican Republic rendered him ineligible for SSI benefits during the period for which he was previously deemed eligible. Tavera's request for review of the ALJ's decision was received by the SSA on September 26. The Appeals Council denied review on February 23, 2007.

Tavera filed the complaint in the instant action on May 9, 2007. Pursuant to a stipulation and order dated November 19, the Commissioner filed his answer on December 7. An order setting the schedule for any motions to be filed by Tavera or the Commissioner was issued on December 11. That schedule was

adjourned twice upon the Commissioner's request.[1] The Commissioner filed his motion on March 25, 2008, seeking remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). Tavera was required to reply by April 18. No reply was received.

DISCUSSION

In Shalala v. Schaefer, 509 U.S. 292, 296 (1993), the Supreme Court explained that the "exclusive methods" by which a district court can remand a case to the Commissioner are set forth in sentences four and six of Section 405(g). See also Raitport v. Callahan, 183 F.3d 101, 103-04 (2d Cir. 1999). Sentence four provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). Sentence four remands are appealable as a final judgment disposing of the action. See Raitport, 183 F.3d at 104.

The Commissioner's motion to remand pursuant to sentence four is granted. The Commissioner argues that remand is "necessary to give plaintiff another opportunity to produce evidence regarding ownership of the resource in question;

---

[1] In connection with both of these requests, the Commissioner represented that he had attempted to contact Tavera to seek consent for the adjournment, but was unable to contact him. The Court sent notice of the adjourned schedules to Tavera by mail.

namely, the house owned by either plaintiff or, as he now alleges, his mother." Further, the Commissioner concedes that, after requiring Tavera to produce documents concerning ownership of the Dominican Republic house, the "ALJ should have offered to assist plaintiff in developing the information in question," and "should have also advised plaintiff that he should seek the assistance of other family members to assist him in securing the necessary information." Where, as here, the claimant proceeds pro se, "the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (citation omitted). The Commissioner recognizes that the ALJ failed to perform these duties, and that remand is therefore appropriate. Because this is not a case in which the record below contains persuasive proof of Tavera's eligibility vel non for SSI, remand might well serve a useful purpose. See Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). As the Commissioner rightly observes, if Tavera is unsatisfied with the result on remand, he will have the right to pursue administrative and judicial review of the SSA's new decision.

CONCLUSION

The Commissioner's motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) is granted. This judgment disposes of the action. See Sullivan v. Finkelstein, 496 U.S. 617, 624-

6

25 (1990). The Clerk of Court shall close the case.

    SO ORDERED:

Dated:    New York, New York
           May 8, 2008

                                            DENISE COTE
                              United States District Judge

**COPIES SENT TO:**

Juan Taveras
507 West 184th St. #21
New York, NY 10033

John E. Gura
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007